IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-00965-CYC

CARLOS RUBEN MANZANAREZ-MENDOZA,

Petitioner,

v.

JUAN BALTASAR, in his Official Capacity as Warden at GEO Group Ice Processing Center;
GEORGE VALDEZ, in his Official Capacity as Director of the Denver Field Office for U.S. Immigration and Customs Enforcement;
DAVID VENTURELLA, in his Official Capacity as Acting Director of U.S. Immigration and Customs Enforcement;
and
TODD BLANCHE, Attorney General of the United States, in his official capacity,

Respondents.[1]

---

# ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Before the Court is the Petitioner's Motion for Enforcement, ECF No. 22. Petitioner Carlos Ruben Manzanarez-Mendoza moves to enforce the Court's August 2026 order and seeks another bond hearing or immediate release from immigration detention on the basis that his court-ordered bond hearing failed to comport with the minimum requirements of due process and failed to comply with the Court's prior order. ECF No. 22 at 1–2. Because the petitioner is correct, the motion to enforce is **GRANTED in part**, and the respondents are ordered to provide another bond hearing by **November 11, 2026** or else release the petitioner.

---

[1] David Venturella, who has become the Acting Director of U.S. Immigration and Customs Enforcement; and George Valdez, who has become the Acting Director of the Denver Field Office of U.S. Immigration and Customs Enforcement, are substituted for the individuals formerly in their positions as defendants in this case. *See* Fed. R. Civ. P. 25(d).

## BACKGROUND

The petitioner, a noncitizen in removal proceedings, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Aurora ICE Processing Center, where he has been since February 11, 2025. ECF No. 6 at 1–2. He filed an application for writ of habeas corpus on March 9, 2026, ECF No. 1, and twice amended his petition after an initial review, see D.C.COLO.LCivR 8.1(a), and orders to cure certain deficiencies. *See* ECF Nos. 3–6. In his operative amended petition, he argued that he was illegally detained by ICE and sought a bond hearing or release. ECF No. 6 at 2–5. On August 11, 2026, the Court ordered the respondents to, within seven days, provide "a bond hearing under 8 U.S.C. § 1226(a), with the government bearing the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence, or release the petitioner." *Manzanarez-Mendonza v. Baltazar*, 26-cv-00965-CYC (D. Colo. Aug. 11, 2026), ECF No. 20.

The petitioner had a timely bond hearing before an Immigration Judge ("IJ").[2] ECF No. 21-1 at 1–4. The IJ denied bond, finding that the petitioner "does pose a risk flight [sic]." ECF No. 21-1 at 4. This motion followed, ECF No. 22, and the respondents opposed. ECF No. 23.

## DISCUSSION

8 U.S.C. § 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." But "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is

---

[2] The IJ's decision states that "the Court conducted a bond redetermination hearing August 1, 2026." But that date is before this Court's August 11 order, *see Manzanarez-Mendonza v. Baltazar*, 26-cv-00965-CYC (D. Colo. Aug. 11, 2026), ECF No. 20, and the decision is dated August 18, 2026. ECF No. 21-1 at 4. The Court therefore assumes the hearing occurred on the August 18 date, which falls within the ordered seven-day timeframe.

subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)). "Where a petitioner argues that the immigration judge applied an improper legal standard in violation of a court order, rather than setting aside the custody determination of the immigration judge, the Court is 'assessing whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives.'" *Maldonado Ochoa v. Baltazar*, No. 26-CV-01449-PAB, 2026 WL 1615245, at *2 (D. Colo. June 5, 2026) (quoting *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026)). The Court therefore has authority to enforce its own orders. *See id.*; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

Exercising that authority is appropriate here. The Court's August 2026 order explained that in a bond hearing under 8 U.S.C. § 1226(a), "the government bear[s] the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence." *Manzanarez-Mendonza v. Baltazar*, 26-cv-00965-CYC (D. Colo. Aug. 11, 2026), ECF No. 20. The IJ's Bond Decision recited that holding, ECF No. 21-1 at 3, but also contradicted it, stating in the 'Legal Standard' section that "[a] respondent who fails to meet his burden will properly be denied bond." *Id.* at 2. Taken literally, this manifests an intent to apply the opposite standard from the one the Court ordered.

The respondents argue that the IJ's recitations of the standard ordered by the Court show that she complied with the Court's order. *See* ECF No. 23 at 2–3. But there is not sufficient evidence to substantiate that suggestion. Language appearing in the 'Legal Standard' section of the IJ's memorandum presumably represents the legal standard the IJ applied. For aught that appears, then, the IJ may have conflated the proper legal standard with an improper one. Her

conclusion that "DHS met its burden to prove by a preponderance of evidence," ECF No. 21-1 at 4, again recites the proper standard, which gives some indication that the IJ may have intended to apply it. But it is impossible to tell whether the IJ actually implemented the proper legal standard. The Court cannot conclude, therefore, that the petitioner's bond hearing complied with due process.

Given that there are some indications that the IJ may have been trying to follow the Court's Order, a second bond hearing is the appropriate relief here. *See Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *5 (D. Colo. May 15, 2026). The respondents will therefore be ordered to provide the petitioner another, constitutionally-compliant bond hearing before a different IJ.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the petitioner's motion to enforce, ECF No. 22, is **GRANTED in part**.

It is further **ORDERED** that on or before **November 11, 2026**, the respondents shall provide the petitioner with a second bond hearing before a different Immigration Judge or else release the petitioner on reasonable conditions.

At the bond hearing, the respondents shall bear the burden of proof to maintain detention. To maintain the petitioner's detention, the respondents must prove dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence. The Immigration Judge's decision should make clear the standard it is applying.

It is further ORDERED that the respondents shall file a status report indicating whether a bond hearing was held, and the outcome of any such hearing, by November 13, 2026.

DATED this 4th day of November, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge